IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re: | ) ) ) | |
| JOHN FRANK JONES, | ) ) | Chapter 7 Case No. 24-32794-KRH |
| Debtor. | ) ) ) ) | |
| KEARY MARIANNINO as Administrator c.t.a. on behalf of the Estate of Carl E. Jones (Deceased), | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Adversary Proceeding No. |
| JOHN FRANK JONES, | ) ) | |
| Defendant. | ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Keary Mariannino, in her capacity as Administrator *cum testamento annexo* of, and on behalf of, the Estate of Carl E. Jones (deceased) (the "Jones Estate"), by counsel, hereby states as follows as her Complaint to Determine Dischargeability of Debt against John Frank Jones (the "Debtor") pursuant to § 523(a)(4) of the Bankruptcy Code for his defalcation and/or embezzlement while previously serving as executor of the Jones Estate:

**Summary of the Case**

This action stems from the unlawful diversion and embezzlement by the Debtor of hundreds of thousands of dollars from the estate of his father, Carl E. Jones, for the Debtor's personal benefit and gain, over a period of approximately 14 years, while the Debtor was serving as the executor of the estate from 2009 to 2023. As set forth in more detail below, the Debtor

qualified as executor of the Jones Estate shortly after the decedent passed away in 2009, and notwithstanding his fiduciary duties as executor, the Debtor proceeded to use monies of the Jones Estate on numerous occasions for purely personal expenses, and attempted to characterize these expenditures as "executor fees," or administrative expenses of the Jones Estate, in his accountings. The Debtor also diverted and disbursed funds held by the Jones Estate to and for the benefit of the Debtor's solely-owned companies, which were not beneficiaries of the Jones Estate.

From 2022 to 2023, the Debtor's actions as executor were the subject of several hearings and orders in the Circuit Court for Prince Edward County, Virginia (the "State Court"), upon actions brought by the Commissioner of Accounts for that jurisdiction. The State Court removed the Debtor as executor on March 30, 2023 (with the Plaintiff in this action replacing him, as Administrator c.t.a.), and had on November 17, 2022, ordered the Debtor to repay to the Jones Estate all amounts that were fraudulently claimed by him as "executor fees." The State Court conducted an evidentiary hearing on April 14, 2023 to determine the amounts that the Debtor would be required to repay to the Jones Estate and to reduce the same to judgment. This hearing resulted in the State Court entering an order on May 2, 2023, in which it held the Debtor in contempt for his failure to repay the amounts to the Jones Estate as previously ordered, and entering judgment against the Debtor and in favor of the Jones Estate for $250,575.58, with interest at the state statutory judgment rate of 6% from April 14, 2023.

This action seeks to have the State Court judgment against the Debtor deemed nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.

**Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is proceeding seeks a determination of the dischargeability of debt and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Facts**

4. Carl E. Jones died testate on September 19, 2009, leaving an estate of several million dollars.

5. On October 8, 2009, the Debtor (who is the son of the decedent) probated the will of Carl E. Jones and qualified as executor of the Jones Estate. *See* Probate of Will and Qualification of Executor, **Exhibit 1**.

6. The Debtor was made aware, and was aware, of his fiduciary obligations, including through communications from the Commissioner of Accounts for Prince Edward County, who oversaw the administration of the Jones Estate. *See, e.g.*, Report of Commissioner of Accounts referencing actions and communications in June of 2011, **Exhibit 2.**

7. While serving as the executor of the Jones Estate, the Debtor paid himself – directly or by paying his personal debts to others directly with funds of the Jones Estate – significant amounts of money, which he later attempted to mischaracterize in his accountings as "executor fees." These amounts mischaracterized as "executor fees" included payments by the Debtor from estate funds to the Debtor's personal credit card accounts, home improvement stores, the Debtor's personal electrical utility provider, and medical bills wholly unrelated to Debtor's service as executor.

8. For years, the Commissioner of Accounts for Prince Edward County sought full and proper estate accountings and ultimately written discovery from the Debtor in connection with his role as executor, and the matter was brought before the State Court for hearings on several

occasions in 2022 and 2023, regarding the failures of the Debtor to properly administer and account for the Jones Estate.

9. The Debtor was represented by counsel before the State Court in several proceedings, and eventually on November 17, 2022, ordered to complete all accountings, and ordered to repay all amounts he had taken as "executor fees" to the Jones Estate, by November 30, 2022. *See* State Court Order of November 17, 2022, **Exhibit 3.**

10. Having failed to comply with this November 17, 2022 order of the State Court, the State Court removed the Debtor as executor, and appointed the Plaintiff as administrator c.t.a. of the Jones Estate, by order dated March 30, 2023. *See* State Court Order of March 30, 2023, **Exhibit 4.**

11. On April 14, 2023, the State Court conducted an evidentiary hearing regarding the Debtor's failures to comply with its prior orders, at which the Debtor was represented by counsel, and at which the State Court found the Debtor to be in contempt, and entered judgment against the Debtor and in favor of the Jones Estate for $250,575.58, with interest at the state statutory judgment rate of 6% from April 14, 2023 (the "Judgment Order"). A copy of this Judgment Order is attached as **Exhibit 5.**

12. Referenced in the Judgment Order is an exhibit, produced by the Debtor in discovery sought by the Commissioner of Accounts, showing the Debtor's own accounting of numerous personal expenses that he paid directly from the Jones Estate while acting as executor. A copy of this document is attached as **Exhibit 6**.

## Relief Sought

13. Keary Mariannino, as administrator c.t.a. of, and on behalf of, the Jones Estate, seeks entry of an order by this Court determining and declaring that the debt established and set forth by the Judgment Order is nondischargeable pursuant to § 524(a)(4) of the Bankruptcy Code.

14. The Debtor was a fiduciary of the Jones Estate at all relevant times.

15. The Debtor was aware of his fiduciary obligations as executor of the Jones Estate.

16. While acting as a fiduciary of the Jones Estate and without justification, the Debtor knowingly and willfully violated, consciously disregarded, or otherwise carried out with gross recklessness, his fiduciary duties, by deliberately, repeatedly, and routinely paying his own personal debts directly from the Jones Estate, and then attempting to characterize these payments as "executor fees" in accountings, which were produced only after numerous efforts and orders by the Commissioner of Accounts and the State Court.

17. Given the nature, purpose, degree, and repeated and ongoing nature of the Debtor's actions in this regard, the Debtor grossly deviated from the standard of conduct that a law-abiding person would observe in the same circumstances.

18. In addition, and in the alternative, the Debtor committed embezzlement of the funds of the Jones Estate, by wrongfully and intentionally taking and misappropriating from and depriving the Jones Estate of its monies which had been entrusted to him as executor, for his own personal benefit.

19. The findings by the State Court establish that the debt arose from the Debtor's defalcation as a fiduciary of the Jones Estate, or were otherwise the result of the Debtor's embezzlement of the funds of the Jones Estate.

WHEREFORE, for the foregoing reasons, Keary Mariannino, in her capacity as Administrator *cum testamento annexo* of, and on behalf of, the Estate of Carl E. Jones (deceased), requests that this Court determine that the debt underlying and evidenced by the State Court Judgment Order described herein shall be nondischargeable in accordance with § 523(a)(4) of the Bankruptcy Code, enter an order to that effect, and grant such other relief as it deems just.

DATED: October 25, 2024

        **KEARY MARIANNINO**
        **as Administrator c.t.a on behalf of**
        **the Estate of Carl E. Jones (Deceased)**

By:    */s/ David G. Browne*
        Counsel

David G. Browne (VSB No. 65306)
SPIRO & BROWNE, PLC
2400 Old Brick Road
Glen Allen, Virginia 23060
Telephone: (804) 573-9220
E-mail: dbrowne@sblawva.com
*Counsel for Plaintiff*